550

amount as is provided for and required under the general contract, unless said subcontract otherwise expressly provides.

So in this case, the plaintiff understood in writing to do the sheet metal work for a given sum. Thereafter the defendant issued its work order in which alternates are expressly required to be performed. Those two paper writings, it was understood, expressed the contract between the parties. Nothing therein indicated that Alternate No. 77 is not included in that contract, but there is express reference sufficient to say that it was expressly included therein. The plaintiff proceeded with the work and performed without protest or notice during the progress of the work. Its demand for extra compensation therefor was made long after. The evidence of the parties in writing forbids a conversion of the major issue into a jury question by the negotiating officer merely asserting that he did not bid on Alternate No. 77, although it was in his office at the time.

It is our conclusion that from all the facts and circumstances in the proof, the performance of the work required under Alternate No. 77 was included within the sum for which plaintiff agreed to do the sheet metal work under the original plans, specifications and Addenda upon which the general contract was let and that this subcontract was let understandingly with reference thereto.

It is also our conclusion that under the facts and circumstances developed by this proof, it was not for the decision of the jury to say what the contract between the parties hereto was.

For the foregoing reasons the judgment is reversed and final judgment is rendered for plaintiff in error.

LEVINE, J, concurs in judgment.
McGILL, J, dissents.

G. W. Reed, Uhrichsville, J. E. Hare, Dennison and John Barkley, Cleveland, for plaintiff in error.

J. R. Hill, Dennison, and P. F. Reed, Uhrichsville, for defendant in error.

For full opinion see 40 OLR 397; 192 NE

## SMITH v COOPER MARBLE CO

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Dec 1, 1933

## CAVANAUGH v INDUST COMM

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 14135. Decided July 2, 1934